STEPHENVILLE N. & S. T. RY. CO. v. WALTON.

(Court of Civil Appeals of Texas. Austin. Oct. 15, 1913. Rehearing Denied Nov. 12, 1913.)

1. WATERS AND WATER COURSES (§ 178*)— CULVERTS — NEGLIGENT CONSTRUCTION — DRAINAGE—FLOWAGE OF LAND—DAMAGES.
In an action against a railroad company for overflowing plaintiff's land by failing to construct necessary culverts, ditches, and sluices, the measure of damages is the market value of the land immediately before and immediately after the particular overflow.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 251–255; Dec. Dig. § 178.*]

2. APPEAL AND ERROR (§ 1068*)—DISPOSITION OF CAUSE—HARMLESS ERROR.
Under Court of Appeals Rule 62a (149 S. W. x), providing that judgments shall not be reversed for error of law unless the court is of opinion that the error amounted to a denial of the appellant's rights and probably caused the rendition of an improper judgment, error in refusing a proper charge as to the measure of damages was harmless, where the defendant was plainly negligent and the damages recovered were less than the amount proved.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–4228, 4230; Dec. Dig. § 1068.*]

3. WATERS AND WATER COURSES (§ 179*)— CULVERTS — NEGLIGENT CONSTRUCTION — OVERFLOW OF LAND.
An instruction requiring the jury to find the failure on the part of defendant railroad company to properly construct such sluices, culverts, etc., as the natural lay of the land required before they could return a verdict for plaintiff for alleged injury to adjoining land resulting from overflow was equivalent to an instruction that, unless the jury believed defendant was guilty of negligence in that respect, they could not find for plaintiff.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 244–250, 256–259, 263, 264; Dec. Dig. § 179.*]

4. TRIAL (§ 256*)—INSTRUCTIONS—SUFFICIENCY—DUTY TO REQUEST.
In an action against a railroad company for failure to provide proper culverts, sluices, etc., an instruction that if the jury found plaintiff's crops were injured or destroyed, and that

he had been damaged thereby, they should find for him the value of such crops at the time of their injury or destruction, and in the condition they were then in, was correct so far as it went, and if defendant desired a further charge it was its duty to request it.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 628–641; Dec. Dig. § 256.*]

5. APPEAL AND ERROR (§ 1067*)—REQUEST TO CHARGE—REFUSAL—PREJUDICE.
Where, in an action against a railroad company for injuries to land by the alleged negligence of defendant railroad company in failing to construct proper culverts, sluices, etc., the petition only claimed damages up to the time of the trial, and plaintiff at the trial disclaimed the right to recover prospective damages, and the proof showed that he was entitled to recover an amount greater than was awarded for present damages, defendant was not prejudiced by the court's refusal to charge that the jury should not consider any evidence of damages to the land that might occur in the future but should confine themselves to damages already accrued.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4229; Dec. Dig. § 1067.*]

Appeal from Hamilton County Court; J. L. Lewis, Judge.

Action by W. T. Walton against the Stephenville North & South Texas Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Marshall Ferguson, of Stephenville, for appellant. Eidson & Eidson, of Hamilton, for appellee.

RICE, J. This suit was instituted by appellee against appellant to recover damages to his land and crops, suffered by reason of overflow on account of its alleged failure to construct the necessary culverts, ditches, and sluices as the natural lay of the land required for its necessary drainage, as well as for a mandatory writ of injunction requiring appellant to construct such culverts and sluiceways as would prevent future damage from overflows. There was a jury trial, resulting in a verdict and judgment for appellee, awarding damages for injury to land and crops, and likewise awarding injunction, as prayed for, from which this appeal is prosecuted.

The evidence amply supports the verdict of the jury, and appellant relies for reversal on alleged errors in the charge of the court, as well as the refusal to give special charges requested. The first assignment complains of the eighth paragraph of the court's charge upon the measure of damages, wherein the court uses the following language: "If, under instructions herein given you, you find that plaintiff's land was overflowed and washed, and that he has been damaged thereby, you will find for him the difference in the value of the land immediately before such overflow and washing, if any, and its value at this time." And the court refused a special instruction requested by appellant to the effect that, in the event the jury should find the plaintiff was en-

titled to recover, then he was only entitled to recover the difference between the actual cash market value of his land immediately before and immediately after the overflow, which action of the court is made the basis of the first and sixth assignments. It is insisted that said eighth paragraph is error, and that said special charge should have been given.

[1, 2] It is true that the measure of damages is the market value of the land immediately before and immediately after the particular overflow; but in the present case we conclude that the ruling of the court, if error, is harmless, for the reason that the undisputed evidence shows that the company was guilty of negligence in failing to construct such sluices and culverts and ditches as the natural lay of the land required for the drainage thereof, and that the damages in the present case exceeded the amount recovered, so that, if a new trial were granted, we could not say that a different result would be reached. Rule 62a (149 S. W. x) for the government of this court provides that: "No judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court had committed an error of law in the course of the trial, unless the appellate court shall be of opinion that the error complained of amounted to such a denial of the rights of appellant as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment in the case, or was such as probably prevented the appellant from making a proper presentation of the case to the appellate court." For which reason these assignments are overruled.

[3] We do not think there is any merit in the second assignment, because the jury were expressly required to find a failure on the part of defendant to properly construct such sluices, etc., as the natural lay of the land required before they could return a verdict for plaintiff, which was equivalent to telling them that, unless they believed defendant was guilty of negligence in this respect, they could not find in behalf of plaintiff.

[4] The court instructed the jury that if they should find that the plaintiff's crops were injured or destroyed, and that he had been damaged thereby, they would find for him the value of such crop or crops at the time of their injury or destruction and in the condition such crop or crops were then in. This charge was correct so far as it went, and if the appellant desired a further charge it should have requested same.

[5] The fifth assignment complains of the failure of the court to give appellant's special charge to the effect that the jury should not consider any evidence of damages to the land that may occur in the future, but that they should confine themselves to such damages as had already ac-

crued. We think it would have been well for the court to have given this charge; still a failure to do so, under the record as presented, does not constitute error, because the petition only claimed damages up to the time of the trial, and the plaintiff in his testimony stated that he was not claiming any prospective damages but only such damages as had occurred up to the time of trial. Besides this, the court had in effect restricted the consideration of the jury, so far as future damages were concerned, to the issue raised by plaintiff's pleading for a mandatory injunction; and appellee testified in this regard that he was not asking for prospective damages but only for damages up to the time of the trial, and that the court should compel the company to correct the evil, so that it would not occur again. And the proof showed that appellee was entitled to recover a greater amount than was in fact awarded to him by the jury for the present damages. It is evident, therefore, that no future injuries were considered by them. Hence they could not have been misled by the failure of the court to give the charge requested.

There is no merit in the remaining assignments, for which reason they are overruled.

The record failing to show reversible error, the judgment of the trial court is affirmed.

Affirmed.